**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AUDANE LOUIS,

Plaintiff,

v. Case No.: 8:26-cv-03110

BELLEAIR EAST HCC, LLC
d/b/a BELLEAIR EAST HEALTH CARE CENTER,

Defendant
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Audane Louis ("Plaintiff"), by and through undersigned counsel, sues Defendant Belleair East HCC, LLC d/b/a Belleair East Health Care Center ("Defendant"), and alleges as follows:

## I. INTRODUCTION

1. This is an action for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), and for employment discrimination based upon race and national origin in violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ("ADEA").

2. Plaintiff seeks unpaid overtime compensation, liquidated damages, back pay, front pay and/or other equitable relief, compensatory damages to the extent permitted by law, liquidated damages under the ADEA for a willful violation, attorneys' fees, costs, and other appropriate relief.

## II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the FLSA, Title VII, and the ADEA.

4. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b), over Plaintiff's Title VII claims pursuant to 42 U.S.C. § 2000e-5(f), and over Plaintiff's ADEA claim pursuant to 29 U.S.C. § 626.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## III. PARTIES

6. Plaintiff Audane Louis is an individual residing in Pinellas County, Florida.

7. Defendant Belleair East HCC, LLC d/b/a Belleair East Health Care Center is an entity doing business in Pinellas County, Florida and operated the facility where Plaintiff was employed.

8. At all relevant times, Defendant was Plaintiff's employer within the meaning of the FLSA, Title VII, and the ADEA.

9. At all relevant times, Defendant employed the requisite number of employees to constitute an employer subject to Title VII and the ADEA.

## IV. GENERAL ALLEGATIONS

10. Plaintiff began working for Defendant in or around July 2021 as a Certified Nursing Assistant ("CNA"). Plaintiff's EEOC Charge identifies her hire date as approximately July 13, 2021.

11. Plaintiff is Black, was born in Haiti, and was fifty-two (52) years old at the time of the events giving rise to this action.

12. Plaintiff was qualified for and performed the duties of her position as a CNA and had not received prior discipline during her nearly four years of employment.

13. Defendant employed Plaintiff until March 27, 2025.

## V. FLSA FACTUAL ALLEGATIONS

14. During her employment, Plaintiff and other employees were required or encouraged to report to work before their scheduled shifts and were permitted to perform work before the formal commencement of their shifts.

15. Defendant rounded employees' time in a manner that resulted in employees not being compensated for certain work performed before the beginning of their scheduled shifts.

16. Defendant also rounded time worked after the formal end of employees' shifts in Defendant's favor.

17. For example, when Plaintiff clocked in at 6:49 p.m. and clocked out at 7:03 a.m., Defendant compensated Plaintiff as though she had worked from 7:00 p.m. to 7:00 a.m., resulting in uncompensated work time.

18. Plaintiff was paid hourly and did not satisfy any exemption from the FLSA's overtime requirements.

19. Plaintiff regularly worked more than forty (40) hours in one or more workweeks.

20. Plaintiff was entitled to compensation at one and one-half times her regular rate of pay for all hours worked over forty (40) in a workweek.

21. Defendant failed to accurately record and compensate Plaintiff for all compensable hours worked.

22. Defendant's rounding practices resulted in Plaintiff not being compensated for all compensable time worked, including overtime hours.

23. Defendant knew or showed reckless disregard for whether its compensation and timekeeping practices violated the FLSA.

## VI. DISCRIMINATION FACTUAL ALLEGATIONS

24. On or about March 18, 2025, Plaintiff was caring for a patient who was wearing a tight shirt. A coworker assisted Plaintiff in removing the patient's shirt.

25. On March 19, 2025, Plaintiff's manager, Laurie, contacted Plaintiff and advised her that the patient's clavicle had been injured. Laurie requested that Plaintiff demonstrate how to properly remove the patient's shirt.

26. On March 20, 2025, Plaintiff demonstrated how to properly remove the shirt as requested and was told that she had done a good job.

27. On March 21, 2025, Laurie informed Plaintiff that she was suspended and stated that Plaintiff was suspected of causing the patient's injury.

28. Plaintiff had never been alone with the patient and was not responsible for physically positioning the patient.

29. A non-Black employee assisted Plaintiff in removing the patient's shirt during the same incident. Defendant did not investigate that employee for the patient's injury and did not suspend or otherwise discipline that employee in connection with the injury.

30. On March 24, 2025, Plaintiff questioned why she was the only employee suspended or disciplined in connection with the patient's injury and advised Defendant that she believed the decision was discriminatory.

31. On March 25, 2025, Laurie contacted Plaintiff and requested that Plaintiff come in to discuss the situation. Plaintiff advised Laurie that she would let her know when she was finished with her appointments.

32. Laurie then accused Plaintiff of not wanting her job based upon Plaintiff's conversation with staffing the previous day.

33. Defendant thereafter provided Plaintiff with documentation stating that she was suspended pending an investigation.

34. On March 26, 2025, Laurie contacted Plaintiff again and questioned Plaintiff regarding how she had removed the patient's shirt. Plaintiff disputed the characterization of what had occurred.

35. On March 27, 2025, Plaintiff met with Human Resources and Laurie. Defendant advised Plaintiff that, following its investigation, Defendant believed Plaintiff may have dislocated the patient's clavicle.

36. Defendant nevertheless terminated Plaintiff on March 27, 2025, purportedly for "poor customer service."

37. Plaintiff had received no training, warnings, or prior discipline concerning customer service and had not previously been advised that anyone had complained about the quality of her customer service.

38. The stated reason for Plaintiff's termination was inconsistent with Plaintiff's nearly four years of employment without prior discipline or customer-service complaints.

39. The circumstances surrounding Plaintiff's suspension and termination, including Defendant's decision to discipline Plaintiff in connection with the patient's injury and its subsequent reliance on "poor customer service," support an inference that Defendant's stated reason was pretextual.

40. Defendant's actions were based, at least in part, upon Plaintiff's race, national origin, and age.

41. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered lost wages, loss of employment benefits, emotional distress, humiliation, and other damages.

## VII. ADMINISTRATIVE EXHAUSTION

42. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), designated Charge No. 511-2025-04365.

43. Plaintiff's EEOC Charge asserted discrimination based upon race, national origin, and age, and identified March 21, 2025 through March 27, 2025 as the dates of discrimination.

44. Plaintiff signed the EEOC Charge on August 4, 2025.

45. On August 14, 2026, the EEOC issued Plaintiff a Notice of Right to Sue concerning Charge No. 511-2025-04365.

46. The EEOC Notice advised Plaintiff that the EEOC had granted her request for a Notice of Right to Sue, terminated processing of the charge, and closed its case.

47. Plaintiff has satisfied the applicable administrative prerequisites for pursuing her federal discrimination claims.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**UNPAID OVERTIME**

48. Plaintiff realleges and incorporates Paragraphs 3 through 5 regarding jurisdiction and venue, Paragraphs 6 through 9 regarding the parties and Defendant's status as an employer, and Paragraphs 14 through 23 regarding Plaintiff's FLSA factual allegations.

49. Plaintiff was an employee of Defendant within the meaning of the FLSA. See ¶¶ 6–8, 14–23.

50. Defendant was Plaintiff's employer and was subject to the FLSA. See ¶¶ 7–9.

51. Plaintiff worked more than forty (40) hours in one or more workweeks and was not exempt from the FLSA's overtime requirements. See ¶¶ 18–20.

52. Plaintiff performed compensable work before and after her scheduled shifts for which she was not fully compensated. See ¶¶ 14–17, 21–22.

53. Plaintiff was entitled to overtime compensation at one and one-half times her regular rate for hours worked over forty (40) in a workweek. See ¶¶ 19–20.

54. Defendant failed to pay Plaintiff the required overtime compensation for all compensable hours worked over forty (40) in a workweek. See ¶¶ 21–23.

55. Defendant knew or showed reckless disregard for whether its timekeeping and compensation practices violated the FLSA. See ¶¶ 21–23.

56. As a direct and proximate result of Defendant's FLSA violations, Plaintiff suffered damages, including unpaid overtime compensation. See ¶¶ 21–23.

57. Plaintiff is entitled to recover unpaid overtime compensation, an equal amount in liquidated damages, reasonable attorneys' fees, costs, and all other relief available under the FLSA.

**COUNT II**
**TITLE VII**
**RACE DISCRIMINATION**

58. Plaintiff realleges and incorporates Paragraphs 3 through 5 regarding jurisdiction and venue, Paragraphs 6 through 9 regarding the parties and Defendant's status as an employer subject to Title VII, Paragraphs 10 through 13 regarding Plaintiff's employment and qualifications, Paragraphs 24 through 41 regarding the discrimination facts, and Paragraphs 42 through 47 regarding administrative exhaustion.

59. Plaintiff is Black and is therefore a member of a protected racial class under Title VII. See ¶ 11.

60. Defendant is an employer subject to Title VII. See ¶¶ 7–9.

61. Plaintiff was qualified for and performed the duties of her CNA position. See ¶¶ 10, 12.

62. Defendant subjected Plaintiff to adverse employment actions, including suspension on March 21, 2025, and termination on March 27, 2025. See ¶¶ 27, 35–36.

63. A similarly situated non-Black employee engaged in the same basic conduct by assisting with removal of the patient's shirt, yet Defendant did not investigate, suspend, or discipline that employee for the patient's injury. Plaintiff was investigated and suspended in connection with the same incident. This disparate treatment supports an inference that Plaintiff's race was a motivating factor in Defendant's adverse employment actions. See ¶¶ 29–30, 38–40.

64. Defendant's stated reason for terminating Plaintiff, "poor customer service", was false, pretextual, or otherwise not the true reason for the termination. See ¶¶ 36–39.

65. Defendant therefore discriminated against Plaintiff because of her race in violation of Title VII. See ¶¶ 24–41.

66. Plaintiff timely pursued her race-discrimination claim through the EEOC and received a Notice of Right to Sue. See ¶¶ 42–47.

67. As a direct and proximate result of Defendant's race discrimination, Plaintiff suffered damages, including lost wages, loss of employment benefits, emotional distress, and humiliation. See ¶ 41.

68. Plaintiff is entitled to the remedies available under Title VII, including back pay, front pay or other appropriate equitable relief, compensatory damages, reasonable attorneys' fees, costs, interest, and such other relief as the Court deems appropriate.

## COUNT III
## TITLE VII
## NATIONAL ORIGIN DISCRIMINATION

69. Plaintiff realleges and incorporates Paragraphs 3 through 5 regarding jurisdiction and venue, Paragraphs 6 through 9 regarding the parties and Defendant's status as an employer subject to Title VII, Paragraphs 10 through 13 regarding

Plaintiff's employment and qualifications, Paragraphs 24 through 41 regarding the discrimination facts, and Paragraphs 42 through 47 regarding administrative exhaustion.

70. Plaintiff was born in Haiti and is therefore a member of a protected class based upon national origin under Title VII. See ¶ 11.

71. Defendant is an employer subject to Title VII. See ¶¶ 7–9.

72. Plaintiff was qualified for and performed the duties of her CNA position. See ¶¶ 10, 12.

73. Defendant subjected Plaintiff to adverse employment actions, including suspension on March 21, 2025, and termination on March 27, 2025. See ¶¶ 27, 35–36.

74. Plaintiff's Haitian national origin was a motivating factor in Defendant's decision to subject her to adverse employment actions. See ¶¶ 29–30, 38–40.

75. Defendant's stated reason for terminating Plaintiff, "poor customer service", was false, pretextual, or otherwise not the true reason for the termination. See ¶¶ 36–39.

76. Defendant therefore discriminated against Plaintiff because of her national origin in violation of Title VII. See ¶¶ 24–41.

77. Plaintiff timely pursued her national-origin discrimination claim through the EEOC and received a Notice of Right to Sue. See ¶¶ 42–47.

78. As a direct and proximate result of Defendant's national-origin discrimination, Plaintiff suffered damages, including lost wages, loss of employment benefits, emotional distress, and humiliation. See ¶ 41.

79. Plaintiff is entitled to the remedies available under Title VII, including back pay, front pay or other appropriate equitable relief, compensatory damages, reasonable attorneys' fees, costs, interest, and such other relief as the Court deems appropriate.

**COUNT IV**
**ADEA**
**AGE DISCRIMINATION**

80. Plaintiff realleges and incorporates Paragraphs 3 through 5 regarding jurisdiction and venue, Paragraphs 6 through 9 regarding the parties and Defendant's status as an employer subject to the ADEA, Paragraphs 10 through 13 regarding Plaintiff's employment and qualifications, Paragraphs 24 through 41 regarding the discrimination facts, and Paragraphs 42 through 47 regarding administrative exhaustion.

81. Plaintiff was fifty-two (52) years old at the time of Defendant's adverse employment actions and was therefore within the protected age group under the ADEA. See ¶ 11.

82. Defendant was an employer subject to the ADEA. See ¶¶ 7–9.

83. Plaintiff was qualified for and performed the duties of her CNA position. See ¶¶ 10, 12.

84. Defendant subjected Plaintiff to adverse employment actions, including suspension on March 21, 2025, and termination on March 27, 2025. See ¶¶ 27, 35–36.

85. Plaintiff's age was a but-for cause of Defendant's decision to terminate her employment. See ¶¶ 29–30, 38–40.

86. Defendant's stated reason for terminating Plaintiff, "poor customer service", was false, pretextual, or otherwise not the true reason for the termination. See ¶¶ 36–39.

87. Defendant therefore discriminated against Plaintiff because of her age in violation of the ADEA. See ¶¶ 24–41.

88. Plaintiff timely pursued her age-discrimination claim through the EEOC and received a Notice of Right to Sue. See ¶¶ 42–47.

89. As a direct and proximate result of Defendant's age discrimination, Plaintiff suffered damages, including lost wages, loss of employment benefits, emotional distress, and humiliation. See ¶ 41.

90. Defendant's violation of the ADEA was willful because Defendant knew or showed reckless disregard for whether its conduct was prohibited by the ADEA. See ¶¶ 36–40.

91. Plaintiff is entitled to recover the remedies available under the ADEA, including back pay, liquidated damages for a willful violation, equitable relief,

reasonable attorneys' fees, costs, interest, and such other relief as the Court deems appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Audane Louis, respectfully requests that this Court enter judgment in her favor and against Defendant and award:

A. Unpaid overtime compensation pursuant to the FLSA;

B. An equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

C. A judgment declaring that Defendant violated Title VII by discriminating against Plaintiff on the basis of race;

D. A judgment declaring that Defendant violated Title VII by discriminating against Plaintiff on the basis of national origin;

E. A judgment declaring that Defendant violated the ADEA by discriminating against Plaintiff on the basis of age;

F. Back pay and lost wages;

G. Front pay, reinstatement, or other appropriate equitable relief;

H. Compensatory damages to the extent permitted by applicable law;

I. Liquidated damages under the ADEA for Defendant's willful violation;

J. Prejudgment and post-judgment interest as permitted by law;

K. Reasonable attorneys' fees and costs pursuant to the FLSA, Title VII, and ADEA; and

L. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**WALSH ADVOCACY GROUP, PLLC**
9811 Element Road
Jacksonville, Florida 32256
Telephone: (904) 516-8154
Email: emily@walshadvocacygroup.com

By: /s/ Emily T. Walsh
**EMILY T. WALSH, ESQ.**
Florida Bar No. 1015969
Counsel for Plaintiff

# EXHIBIT A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Tampa Field Office**
501 East Polk St, Suite 1000
Tampa, FL 33602
(800) 669-4000
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

**To:** Ms. Audane Louis
2960 Drew St 1026
Clearwater, FL 33759
Charge No: 511-2025-04365

EEOC Representative and email: SURANNY GOMEZ
INVESTIGATOR
SURANNY.GOMEZ@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge. The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of the EEOC's official notice of dismissal. Otherwise, your right to sue based on the above-numbered charge will be lost.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 511-2025-04365.

On behalf of the Commission,

TAMRA SCHWEIBERGER Digitally signed by TAMRA SCHWEIBERGER
Date: 2026.08.14 08:10:30 -04'00'

TAMRA SCHWEIBERGER
FIELD OFFICE DIRECTOR

**Cc:**
Brian P Moran
Moran Kidd Lyons Johnson Garcia, P.A.
111 North Orange Avenue Suite 900
Orlando, FL 32801

Yessika M Zurita McKay
1150 Ponce De Leon Blvd
Clearwater, FL 33756

BELLEAIR EAST HCC, LLC
1150 Ponce De Leon Blvd
Clearwater, FL 33756

NA NA
1150 Ponce de Leon Blvd
Clearwater, FL 33756

Brian J Moran
Moran Kidd Lyons Johnson Garcia, P.A.
111 North Orange Avenue Suite 900
Orlando, FL 32801

Emily T Walsh Esq.
Louis Law Group, PLLC
9811 Element Road Suite M-500
JAX, FL 32256

Please retain this Notice for your records.

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 511-2025-04365 to the District Director at EVANGELINE HAWTHORNE, 100 SE 2nd St Suite 1500, Miami, FL 33131.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 511-2025-04365 to the District Director at EVANGELINE HAWTHORNE, 100 SE 2nd St Suite 1500, Miami, FL 33131.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.